UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TIMOTHY JOHNSON
on behalf of himself and all
others similarly situated,                          Case No. 22-cv-154

        Plaintiff,                              **COLLECTIVE AND CLASS**
                                                    **ACTION COMPLAINT**
    v.                                          **PURSUANT TO 29 U.S.C. §216(b)**
                                                    **AND FED. R. CIV. P. 23**
TOROSIAN TECH SERVICES, INC.
23 Marilyns Way                                     **JURY TRIAL DEMANDED**
Eliot, New Hampshire 03903

    and

THOMAS TOROSIAN
23 Marilyns Way
Eliot, New Hampshire 03903

        Defendants

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Timothy Johnson, on behalf of himself and all other similarly situated

current and former hourly-paid, non-exempt employees of Defendants, Torosian Tech Services,

Inc. and Thomas Torosian, for purposes of obtaining relief under the FLSA and WWPCL for

unpaid wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) at times, failing altogether to compensate said employees for hours worked and work performed in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL; and (2) failing to include travel time throughout the workday in said employees' regular rate of pay for overtime compensation purposes when hours worked and work performed exceeded forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

3.     Defendants' failure to compensate their hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants have substantial and systematic contacts, and regularly do business, in this District.

**PARTIES**

7.     Plaintiff, Timothy Johnson, is an adult male resident of the State of Wisconsin residing at 6918 Bay Wood Drive, Racine, Wisconsin 53402.

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9.     Defendant, Torosian Tech Services, Inc., is a New Hampshire-based company with a principal office address of 23 Marilyns Way, Eliot, New Hampshire 03903.

10.    Defendant Torosian Tech Services, Inc. contracts with corrugated box manufacturers to repair machines.

11.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian Tech Services, Inc. owned, operated, and managed a physical location in the State of Wisconsin, located at 930 10th Street, Racine, Wisconsin 53403.

12.    Defendant, Thomas Torosian, was, at all material times herein, an individual resident of the State of New Hampshire with a principal address of 23 Marilyns Way, Eliot, New Hampshire 03903.

13.    Defendant Torosian owns, operates, and manages Defendant Torosian Tech Services, Inc.

14.    For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

15.     For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

16.     During the relevant time periods as stated herein, Defendant Torosian Tech Services, Inc. was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

17.     During the relevant time periods as stated herein, Defendant Torosian Tech Services, Inc. employed more than two (2) employees.

18.     During the relevant time periods as stated herein, Defendant Torosian Tech Services, Inc.'s annual dollar volume of sales or business exceeded $500,000.

19.     During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

20.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Electrician based out of Defendants' Racine, Wisconsin location, located at 930 10th Street, Racine, Wisconsin 53403.

21.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked alongside other hourly-paid, non-exempt employees based out of Defendants' Racine, Wisconsin location providing electrical, technical, and troubleshooting services to Defendants' clients and customers.

22.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other similarly-situated current and former hourly-paid, non-exempt employees performed compensable work and similar job duties at Defendants' direction, on

Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at physical locations that were owned, operated, and managed by Defendants and who were all subject to Defendants' same unlawful compensation policies and practices as enumerated herein.

23. During the relevant time periods as stated herein, Defendant Torosian was an "employer" as that term is defined under the FLSA and/or the WWPCL.

24. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

25. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

26. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

27. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

28. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian established Plaintiff's and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

29. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

30.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant Torosian.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant Torosian controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and in furtherance of performing their job duties on Defendants' behalf, Plaintiff and all other hourly-paid, non-exempt employees regularly engaged in interstate commerce, communications, and/or correspondence with Defendants' customers, prospective customers, suppliers, and/or vendors.

## GENERAL ALLEGATIONS

34.     In approximately March 2018, Defendants hired Plaintiff into the position of Electrician working primarily out of Defendants' Racine, Wisconsin location.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at or out of locations that were owned, operated, and managed by Defendants.

36. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

38. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

39. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

40. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

41. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of, at times, simply failing to compensate said employees for hours worked and work performed in excess of forty (40) hours in a workweek.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees engaged in the same or similar practice of completing timesheets for all hours worked and work performed each workday and workweek, and then submitting those timesheets to Defendants for payment. However, at times, Defendants simply failed to compensate said employees for hours worked and work performed in excess of forty (40) hours in a workweek as recorded and reflected on their respective timesheets.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were also subject to Defendants' same unlawful policy, practice, custom, and/or scheme of failing to include travel time throughout the workday in said employees' regular rate for overtime compensation purposes when hours worked and work performed exceeded forty (40) hours in a workweek.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants required and expected Plaintiff and all other hourly-paid, non-exempt employees to travel between their location(s), remote job sites, and/or other customers' locations during and throughout the workday on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction in the further of the performance of their respective job duties.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees travelled between Defendants' location(s), remote job sites, and/or other customers' locations during and throughout the workday on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction in the further of the performance of their respective job duties.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful policy, practice, custom, and/or scheme failed to include Plaintiff's and all current and former hourly-paid, non-exempt employees' travel time between their location(s), remote job sites, and/or other customers' locations during and throughout the workday on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction in the further of the performance of their respective job duties in said employees' regular rate(s) of pay for overtime compensation purposes when hours worked and work performed exceeded forty (40) hours in a workweek.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful policy, practice, custom, and/or scheme failed to include travel time during and throughout the workday as described herein in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime compensation purposes; instead simply compensating said employees for travel time during and throughout the workday at a straight time rate of pay even though said employees' travel time during and throughout the workday, and thus all hours worked, were in excess of forty (40) hours in a workweek. For example, during Plaintiff's employment with Defendants and if Plaintiff worked a total fifty (50) hours in any given workweek at Defendants' direction, with Defendants' knowledge, and for Defendants' benefit, and five (5) of those hours worked consisted of travel time during and throughout the workday, Defendants' unlawful compensation practice was to simply pay Plaintiff (and all other hourly-paid, non-exempt employees) for forty-five (45) hours' worth of straight time pay and five (5) hours' worth of overtime pay during that workweek, to the detriment of Plaintiff and all other hourly-paid, non-exempt employees and to the benefit of Defendants, in violation of the FLSA and WWPCL.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

50.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or was aware that their pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

52.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated at the proper, correct, and/or lawful overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

54.     Defendants, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) in a workweek at the rate of one and one-half times their regular hourly rate of pay for all hours worked each workweek, in violation of the FLSA.

55.     The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

56.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

57.     Plaintiff and the FLSA Collective are similarly situated and were subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. Plaintiff's claims stated herein are the same as those of the FLSA Collective.

58.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to lawfully compensate employees

for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

59.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

60.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

61.     Plaintiff bring this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and through the date of judgment who have not been compensated at the proper, correct, and/or lawful overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

62.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

63.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

64.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

65.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

67.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

68.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

69.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the

following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated at an overtime rate of pay for hours worked each workweek in excess of forty (40); (3) Whether Defendants failed to pay Plaintiff and the Wisconsin Class for all work Defendants suffered or permitted them to perform in excess of forty (40) hours each workweek at the proper, correct, and/or lawful overtime rate of pay; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

70.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the FLSA Collective)

71.    Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

72.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

73.    At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

74.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

75.     At all times material herein, Plaintiff and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

76.     Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek by: (1) at times, simply failing to compensate said employees for hours worked and work performed in excess of forty (40) hours in a workweek; and (2) failing to include travel time throughout the workday in said employees' regular rate of pay for overtime compensation purposes when hours worked and work performed exceeded forty (40) hours in a workweek.

77.     29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

78.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

79.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

80.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

81.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

82.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

83.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

84.     At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

85.     At all relevant times, Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

86. Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

87. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

88. Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

89. As set forth above, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

90. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF
## Violation of the WWPCL – Unpaid Regular Wages/Failure To Pay An Agreed-Upon Wage
## (Plaintiff, on behalf of himself and the Wisconsin Class)

91.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

92.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

93.     At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

94.     At all relevant times, Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

95.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

96.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

97.     Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked each work day and each workweek, pursuant to Wis. Stat. § 109.03.

98.     Throughout the Wisconsin Class Period, Defendants did not compensate the Wisconsin Class for each and every hour worked each work day and each workweek, in accordance with Wis. Admin. Code § DWD 272.

99.     Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice as stated herein that unlawfully and willfully failed to compensate Plaintiff and the Wisconsin Class for all hours worked and/or work performed each work day and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

100.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

101.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 8th day of February, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com