UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

TIMOTHY JOHNSON,
on behalf of himself and all
others similarly situated,

      Plaintiff,

vs.                                                    Case No. 22-cv-154

TOROSIAN TECH SERVICES, INC., et al.

      Defendants.

---

## DEFENDANTS' ANSWER AND DEFENSES

---

**NOW COMES** Defendants Torosian Tech Services, Inc. ("TTSI") and Thomas Torosian ("Torosian") (collectively "Defendants"), by their attorneys, Jackson Lewis P.C., by Tony H. McGrath and John T. Woodson, and hereby answer Plaintiff Timothy Johnson's Complaint as follows: Allegations in the Complaint that are not specifically admitted are denied.

## PRELIMINARY STATEMENT

1.      Paragraph 1 sets forth a description of Plaintiff's Complaint, rather than factual averments to which a response is required. To the extent a response is required, Defendants deny that this is a "collective and class action." No collective or class has been certified, and neither class nor collective treatment is appropriate. Defendants admit that Plaintiff bases his individual claims on the Fair Labor Standards Act and Wisconsin Wage Payment and Collection Laws. Defendants, however, deny any liability for any reason whatsoever. Defendants deny any remaining allegations in Paragraph 1.

2.      Deny.

1

3. Deny.

## JURISDICTION AND VENUE

4. Admit.

5. Paragraph 5 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations and state that the Court should decline to exercise its discretionary jurisdiction over Plaintiff's state law claims.

6. Admit.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies them on those grounds.

8. Paragraph 8 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the authenticity of the signature on the referenced document and, therefore, denies the allegations on those grounds.

9. Defendant TTSI admits that it is a New Hampshire-based company, but denies the address stated in the Complaint.

10. Defendant TTSI admits that the allegations of Paragraph 10 contain a summary and incomplete description of Defendant TTSI's business.

11. Defendant TTSI admits that it maintains a facility in Racine, Wisconsin. Defendant TTSI denies any remaining allegations in Paragraph 11.

12. Deny.

13. Admit.

14. Paragraph 14 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Torosian is an "employer" and that Plaintiff was an "employee" of Torosian.

15. Paragraph 15 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Torosian is an "employer" and that Plaintiff was an "employee" of Torosian.

16. Paragraph 16 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations.

17. Admit.

18. Admit.

19. Paragraph 19 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Torosian is an "employer" and that Plaintiff was an "employee" of Torosian.

20. Deny.

21. Deny.

22. Deny.

23. Paragraph 23 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendant Torosian denies.

24. Deny.

25. Deny.

26. Admit.

27. Deny.

28. Deny.

3

29. Deny.

30. Deny.

31. Admit.

32. Admit.

33. Defendants deny that Plaintiff was similarly-situated with other employees and denies that class or collective action treatment is appropriate in this action. Defendant TTSI admits that Plaintiff engaged in interstate commerce with Defendant TTSI's customers Defendants deny the remaining allegations in Paragraph 33.

## **GENERAL ALLEGATIONS**

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Admit that Plaintiff was a non-union employee of Defendant TTSI. Deny that Plaintiff was similarly-situated with other employees and deny that class or collective action treatment is appropriate in this action. Deny any remaining allegations in Paragraph 38.

39. Admit that Defendant TTSI maintained employment records and other documentation regarding Plaintiff. Deny that Plaintiff was similarly-situated with other employees and deny that class or collective action treatment is appropriate in this action. Deny any remaining allegations in Paragraph 39.

40. Admit that Defendant TTSI maintained a centralized system for tracking and/or recording hours worked by Plaintiff. Deny that Plaintiff was similarly-situated with other employees and deny that class or collective action treatment is appropriate in this action. Deny any remaining allegations in Paragraph 40.

41. Admit that Defendant TTSI maintained a centralized system for compensating Plaintiff. Deny that Plaintiff was similarly-situated with other employees and deny that class or collective action treatment is appropriate in this action. Deny any remaining allegations in Paragraph 41.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53. Paragraph 53 sets forth a description of Plaintiff's claim and putative collective action, to which no response is required. To the extent a response is required, Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of similarly-situated employees. Defendants further object to Plaintiff's proposed definition of the collective as improperly "fail safe" or "merits based." Defendants deny any remaining allegations in Paragraph 53.

54. Deny.

5

55. Paragraph 55 sets forth a description of Plaintiff's claim and putative collective action, to which no response is required. To the extent a response is required, Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of an FLSA Collective and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 55.

56. Paragraph 56 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of an FLSA Collective and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 56.

57. Deny.

58. Paragraph 58 sets forth a description of Plaintiff's putative collective action, to which no response is required. To the extent a response is required, Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of an FLSA Collective and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 58.

59. Paragraph 59 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of an FLSA Collective and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 59.

60. Deny.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

61. Paragraph 61 sets forth a description of Plaintiff's claim and putative class action, to which no response is required. To the extent a response is required, Defendants state that class treatment is not appropriate in this action and a class action should not be certified, conditionally or otherwise. Defendants deny the existence of similarly-situated employees. Defendants further object to Plaintiff's proposed definition of the class as improperly "fail safe" or "merits based." Defendants deny any remaining allegations in Paragraph 61.

62. Paragraph 62 sets forth a legal conclusion, to which no response is required. To the extent a response is required, Defendants state that class treatment is not appropriate in this action and a class action should not be certified, conditionally or otherwise. Defendants deny the existence of a Wisconsin Class and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 62.

63. Paragraph 63 sets forth a legal conclusion, to which no response is required. To the extent a response is required, Defendants state that class treatment is not appropriate in this action and a class action should not be certified, conditionally or otherwise. Defendants deny the existence of a Wisconsin Class and/or similarly-situated employees. Defendants deny any remaining allegations in Paragraph 63.

64. Deny.

65. As to the first sentence of Paragraph 65, Defendants deny. Defendants admits the second sentence of Paragraph 65 as it relates to Plaintiff's counsel. Defendants deny any remaining allegations in Paragraph 65.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the FLSA Collective)

71. Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

72. Paragraph 72 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations of Paragraph 72 as to the individual Plaintiff only, but state that Plaintiff has been paid all wages due to him and deny any liability for any reason whatsoever. Defendants deny the existence of an FLSA Collective, deny that collective action treatment is appropriate, and deny any remaining allegations in Paragraph 72.

73. Paragraph 73 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the existence of an FLSA Collective and deny that collective action treatment is appropriate. Defendant TTSI admits that it employed Plaintiff. Defendants deny any remaining allegation in Paragraph 73.

74. Paragraph 74 sets out a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the existence of an FLSA Collective and deny that treatment as a collective action is appropriate. Defendant TTSI admits that it employed Plaintiff. Defendants deny any remaining allegation in Paragraph 74.

75. Deny.

76. Deny.

77. Paragraph 77 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Paragraph 77 sets forth an incomplete summary of the FLSA.

78. Deny.

79. Deny.

80. Deny.

81. Defendants deny that Plaintiff will be "successful" and deny liability for any reason whatsoever.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

82. Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs. Defendants deny the existence of a Wisconsin Class.

83. Paragraph 83 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 83.

84. Paragraph 84 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 84.

85. Paragraph 85 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 85.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Paragraph 90 sets forth a conclusory statement of what Plaintiff "seek[s]" to which no response is required. To the extent a response is required, Defendants deny the existence of a Wisconsin Class and deny any entitlement to recovery by Plaintiff or any class.

### THIRD CLAIM FOR RELIEF
**Violation of the WWPCL – Unpaid Regular Wages/Failure To Pay An Agreed-Upon Wage
(Plaintiff, on behalf of himself and the Wisconsin Class)**

91. Defendants incorporate, as if fully set forth herein, its objections, denials, and other responses to each of the foregoing paragraphs. Defendants deny the existence of a Wisconsin Class.

92. Paragraph 92 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 92.

93. Paragraph 93 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 93.

94. Paragraph 94 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant TTSI admits it employed Plaintiff. Defendants deny the existence of a Wisconsin Class. Defendants deny any remaining allegations in Paragraph 94.

95. Deny.

96. Deny.

97. Paragraph 97 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations of Paragraph 97 as to the individual Plaintiff only, but state that Plaintiff has been paid all wages due to him and denies

any liability for any reason whatsoever. Defendants deny the existence of a Wisconsin Class, deny that collective action treatment is appropriate, and deny any remaining allegations in Paragraph 97.

98. Deny.

99. Deny.

100. Deny.

101. Paragraph 101 sets forth a conclusory statement of what Plaintiff "seek[s]" to which no response is required. To the extent a response is required, Defendants deny the existence of a Wisconsin Class and deny any entitlement to recovery by Plaintiff or any class.

## AS TO "WHEREFORE" PARAGRAPHS

Defendants deny that Plaintiff is entitled to any of the relief sought in the Wherefore paragraphs in the Complaint. Defendants deny that treatment as a class or collective action is inappropriate.

## AS TO "JURY DEMAND"

Defendants deny that Plaintiff is entitled to a jury trial of all issues raised and claims made in the Complaint.

## GENERAL DENIAL

Defendants deny all allegations set forth in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without undertaking a burden of proof except where strictly required by law, Defendants state the following affirmative and other defenses.

1. Some or all of the allegations in Plaintiff's Complaint fail to state a claim for which relief can be granted.

2. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA and/or WWPCL, are barred to the extent that Plaintiff seeks damages beyond the applicable limitations periods.

3. To the extent that Plaintiff is seeking, or later seeks, to certify an FLSA collective that includes employees outside of the State of Wisconsin, this Court lacks personal jurisdiction over such out of state employees.

4. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that they, and any other person on whose behalf Plaintiff seeks to assert a claim that they have not been compensated, involve only insubstantial or insignificant periods of time, these periods are "*de minimis*" and are not compensable under the FLSA and WWPLC, and do not trigger the beginning or end of compensable time.

5. Plaintiff's claims under the FLSA and WWPCL are barred to the extent that Plaintiff, or any other person on whose behalf Plaintiff seeks to assert a claim, submitted false and inaccurate time records or failed to report time that he or she claims to have worked in contravention of Defendant TTSI's policies requiring employees to report all of their working time. In such situations, Plaintiff's claims are barred in whole or in part by the application of the doctrines of estoppel and unclean hands, or the time is not compensable under the FLSA and/or WWPCL.

6. Plaintiff's claims for overtime are barred as a matter of law during any workweeks in which Plaintiff did not work in excess of 40 hours per week. Likewise, the overtime claims of any putative class or collective members (the existence of which

12

are denied by Defendants) are barred in any weeks in which they worked less than 40 hours.

7. Plaintiff's claims are barred to the extent that Plaintiff lacks standing to bring the proposed collective action under the FLSA and WWPCL.

8. Plaintiff's claims under the FLSA and WWPCL are barred by application of the doctrine of payment. Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

9. Plaintiff's claims are barred to the extent that Plaintiff seeks compensation for activities that are non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a), as walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which he was employed to perform.

10. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim, are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

11. A two-year, rather than a three-year, statute of limitations applies to Plaintiff's FLSA claims as Plaintiff cannot satisfy his burden of establishing a willful FLSA violation.

12. Defendants have at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA (within the meaning of 29 U.S.C. § 260), the Portal-to-Portal Act, or any other law.

13

Accordingly, even if Defendants are found to have violated the FLSA, Plaintiff is not entitled to recover liquidated damages.

13. The claims of Plaintiff and any putative collective action members for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA and any applicable state law.

14. Plaintiff's request for collective treatment should be denied in that Plaintiff and the members of the putative collective are not similarly situated, therefore, Plaintiff cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

15. This action may not be properly maintained as a class action because Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiff's claims are not representative or typical of the claims of the putative class, Plaintiff is not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

16. Plaintiff's attempt to pursue his claims as a collective or class action fail because an independent and individual analysis of the claims of Plaintiff, opt-in plaintiffs, and putative class members, and each of Defendants' defenses, is required.

17. Because liability may not be determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendants' rights to a jury trial under the Seventh Amendment.

18. Plaintiff's attempts to pursue his claims on a collective action violates Defendants' constitutional rights to due process because Defendants have a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action.

19. Plaintiff's proposed class definitions are vague, overbroad, fail safe and improperly merits based.

20. This case should not be allowed to proceed as a collective or class action because the resulting proceedings and trial would not be manageable.

21. This Court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

22. Because Plaintiff's Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## **CONCLUSION**

**WHEREFORE**, Defendants Torosian Tech Services, Inc. and Thomas Torosian respectfully request that the Court:

A. Dismiss all Claims against Defendants Torosian Tech Services, Inc. and Thomas Torosian with prejudice, in their entirety;

B. Dismiss the Complaint with prejudice, in its entirety;

C. Order that judgment be entered in Defendants' favor; and

D. Award Defendants such other relief that justice so requires.

Dated this 7th day of April, 2022.

        /s/Tony H. McGrath
        Tony H. McGrath, WI Bar #1042806
        Direct Tel: (608) 807-5274
        Tony.McGrath@JacksonLewis.com

        John T. Woodson, Wis Bar # 1094026
        Direct Tel: (608) 807-5281
        John.Woodson@JacksonLewis.com

        JACKSON LEWIS P.C.
        22 East Mifflin Street, Suite 800
        Madison, WI 53703
        Fax: (608) 260-0058

        *Attorneys for Defendants Torosian Tech Services, Inc. and Thomas Torosian*

4883-0789-5828, v. 1