UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

TIMOTHY JOHNSON,
on behalf of himself and all
others similarly situated,

   Plaintiff,

  v.            Case No. 22-CV-154

TOROSIAN TECH SERVICES, INC., *et al.*,

   Defendants.

---

## JOINT 26(f) CONFERENCE REPORT

  David M. Potteiger of Walcheske & Luzi, LLC, Counsel for Plaintiff, Timothy Johnson, and John T. Woodson of Jackson Lewis P.C., Counsel for Defendants, Torosian Tech Services, Inc. and Thomas Torosian, having conferred pursuant to FED. R. CIV. P. 26(f) submit the following joint report pursuant to the Court's Order Directing Parties to File Rule 26(f) Report, *ECF No. 9*.

**1.**  **Nature of Case**

  This case involves alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and WIS. STAT. §§ 109.01 *et seq.*, WIS. STAT. §§ 104.01 *et seq.*, WIS. STAT. §§ 103.001 *et seq.,* and WIS. ADMIN. CODE §§ DWD 274.01 *et seq.*, collectively Wisconsin's Wage Payment and Collection Laws ("WWPCL"), brought on behalf of current and former hourly-paid, non-exempt employees of Defendants. Mr. Johnson claims that Defendants deprived said employees of compensation, including at an overtime rate of pay, by: (1) failing to compensate them for compensable drive time throughout the workday; and (2) by failing to compensate them at the lawful rate of pay for all hours in excess of forty (40) in a workweek.

Mr. Johnson seeks to represent a collective of similarly-situated current and former hourly-paid, non-exempt employees in an FLSA collective action and a class of such similarly-situated employees in a F ED. R. C IV. P. 23 class action with regard to the violations of the WWPCL.

Defendants deny Plaintiff's allegations and allege that they lawfully and properly compensated their employees for all hours worked in accordance with the law and at all times acted in good faith. Defendants also assert other defenses in their Answer (ECF 7).

**2. Names of Any Related Cases**

There are no related cases.

**3. Statement of Factual and Legal Issues**

The parties agree that the following issues exist: (1) whether the present collective/class meets the requirements to proceed as a collective and/or class action; (2) whether liability exists under the FLSA or WWPCL; (3) as to the claims under the FLSA, whether this Court has personal jurisdiction over the claims of putative collective members who do not reside in the state of Wisconsin; (4) as to the claims under the FLSA, whether Defendants willfully failed to pay Mr. Johnson and the putative collective's wages and overtime wages; and (5) the extent of Mr. Johnson's and the putative collective/class' damages, if any.

**4. Possibility of Prompt Resolution or Settlement**

The parties have not yet discussed settlement. The parties anticipate discussing settlement and/or engaging in mediation early in the life of this matter. Should the parties want to use the services of a magistrate, they will notify the Court accordingly.

5.  **Amending Pleadings**

The parties agree that the deadline to file amended pleadings without leave of the court should be **June 1, 2022**. Thereafter, the parties agree that amendments to the pleadings shall conform to Fed. R. Civ. P. 15(a)(2) and (b).

6.  **Conditional Certification and Class Certification**

This action is brought pursuant to 29 U.S.C. § 216(b) and, pursuant thereto, certain current and former employees of Defendants may opt-into this matter in order to toll their respective statute of limitations. In this light, Mr. Johnson will file a motion for conditional certification to proceed as a collective action under Section 216(b) of the FLSA on or before **September 30, 2022**, which will be opposed by Defendants. Defendants' brief in opposition will be due within 30 days of service and Mr. Johnson's reply brief will be due within 21 days of service of Defendants' response.

If conditional certification is granted, the parties anticipate filing motions for final certification and/or decertification pursuant to either Section 216(b) of the FLSA or Fed. R. Civ. P. 23, or both. Until the Court rules on Plaintiff's motions for conditional certification, the parties cannot accurately assess how much time will be necessary to complete discovery or determine the appropriate timing of other case deadlines. Accordingly, the parties respectfully request that the deadline for any further motions be established following disposition of Plaintiff's motion for conditional certification pursuant to Section 216(b) of the FLSA.

7.  **Dispositive Motions**

The parties contemplate filing dispositive motions, specifically motions for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons noted above, the parties respectfully request that the deadline for filing any such motions be established following disposition of the

parties' motions for final certification and/or decertification pursuant to either Section 216(b) of the FLSA or Fed. R. Civ. P. 23, or both.

8. **Trial Schedule**

Mr. Johnson has requested a trial by jury. At this time, the parties preliminarily anticipate that trial of this case will last approximately one (1) week. The parties ask that the Court set a trial date following disposition of their respective motions for summary judgment pursuant to Fed. R. Civ. P. 56.

9. **Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. 26(f)(3)(A) – (F).

    A.    **Rule 26(a) Initial Disclosures.** The parties agree to exchange initial disclosures on or before **June 1, 2022**. The parties do not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

    B.    **Subjects and Completion of Discovery; Bifurcation of Discovery.** The Parties agree that discovery in this matter should be conducted in phases. Phase I discovery will be limited to information relevant to Plaintiffs' motion for conditional certification, including, but not limited to, the named Plaintiff and Defendants' policies, procedures, and actual practices with respect to its timekeeping, pay, and overtime, but will not include individualized information regarding current or former employees who have not opted in to this action. The Parties will complete the first phase of discovery by **August 31, 2022**. If Phase I discovery includes any depositions, the Parties reserve the right to recall the witness during Phase II discovery, subject to the 7-hour limitation of the federal rules. No witness shall be deposed for more than 7 hours in total, even if they are recalled for a second deposition. While the parties are

free to engage experts during the first phase of discovery, expert disclosure and reports will be reserved to Phase II.

Phase II discovery, if necessary, shall commence only after the Court either grants conditional certification under the FLSA or certifies a class under Rule 23. The Parties agree to conduct another Rule 26(f) conference within fourteen days of an order granting conditional certification or certifying a Rule 23 class to revisit any limitations on discovery and submit another Joint Discovery Plan outlining proposed dates for Phase II discovery, further motion briefing, and trial.

**C.     Disclosure of Discovery of ESI.**  The Parties anticipate disclosure of electronically stored information, including emails. The Parties agree to produce documents in PDF format, except for spreadsheets, which the Parties will produce in native format. If cost becomes an issue, the Parties will discuss cost-sharing and shifting on requests for ESI. Defendants reserve the right to evaluate individual electronic discovery requests based on the claims and defenses and the proportional needs of the case.

**D.     Procedures Regarding Claims of Privilege and Work Product Protection.** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within ten (10) days after the producing party discovers that the inadvertent production occurred. Consistent with Fed. R. Evid. 502(e), the parties agree that the recipient of such inadvertently protected information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties

agree that the recipient may not assert that the producing party waived privilege or work product protection; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. The parties request a court order pursuant to Fed. R. Evid. 502(d), stating that the production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

**E.     Limitations on Discovery.** The parties do not propose any changes to the limitations on discovery which are set forth by the Federal Rules prior to class certification.

Dated this 29th day of April, 2022

| | |
|---|---|
| WALCHESKE & LUZI, LLC | JACKSON LEWIS P.C. |
| s/ *David M. Potteiger* | s/ *John T. Woodson* |
| James A. Walcheske, State Bar No. 1065635 | Tony H. McGrath, State Bar No. 1042806 |
| Scott S. Luzi, State Bar No. 1067405 | John T. Woodson, State Bar No. 1094026 |
| David M. Potteiger, State Bar No. 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | JACKSON LEWIS P.C. |
| 235 N. Executive Drive, Suite 240 | 22 East Mifflin Street, Suite 800 |
| Brookfield, Wisconsin 53005 | Madison, Wisconsin 53703 |
| Telephone: (262) 780-1953 | Telephone: (608) 807-5274 |
| E-Mail: jwalcheske@walcheskeluzi.com | E-Mail: Tony.McGrath@JacksonLewis.com |
| E-Mail: sluzi@walcheskeluzi.com | E-Mail: John.Woodson@JacksonLewis.com |
| E-Mail: dpotteiger@walcheskeluzi.com | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

4868-5559-8621, v. 1