UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TIMOTHY JOHNSON,
on behalf of himself and
all others similarly situated,

    Plaintiff,                                      Case No. 22-cv-154

    v.

TOROSIAN TECH SERVICES, INC., *et. al.*

    Defendants

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Pursuant to FED. R. CIV. P. 7(b) and CIV. L. R. 7, the Parties, by their undersigned counsel, hereby move the Court for: (a) approval of their Settlement and Release Agreement; and (b) dismissal of this action with prejudice and without costs pursuant to FED. R. CIV. P. 41. The grounds for the motion are as follows:

    1.    This case involves alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and WIS. STAT. §§ 109.01 *et seq.*, WIS. STAT. §§ 104.01 *et seq.*, WIS. STAT. §§ 103.001 *et seq.,* and WIS. ADMIN. CODE §§ DWD 274.01 *et seq.*, collectively Wisconsin's Wage Payment and Collection Laws ("WWPCL"). Specifically, Plaintiff Timothy Johnson claims, *inter alia,* that Defendants deprived him of compensation, including at an overtime rate of pay, by: (1) failing to compensate him for compensable drive time throughout the workday; and (2) by failing to compensate him at a lawful overtime rate of pay for all hours in excess of forty (40) in a workweek.

2. Defendants, Torosian Tech Services, Inc. and Thomas Torosian, deny Plaintiff's allegations and allege that they lawfully and properly compensated their employees for all hours worked in accordance with the FLSA and WWPCL and at all times acted in good faith.

3. The Parties have reached a settlement on an individual basis only as to Plaintiff Johnson. No class or collective action has been certified. Pursuant to that settlement and in exchange for a monetary payment, Plaintiff is required to dismiss his FLSA and WWPCL claims with prejudice and release Defendants from any further liability under the FLSA and/or WWPCL. A copy of the Parties' Settlement and Release Agreement is being filed as Exhibit A to this motion.

4. In order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the U.S. Department of Labor or a district court. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Because the Parties believe they have reached a fair and reasonable resolution of disputed issues, they are seeking this Court's approval of their Settlement and Release Agreement along with dismissal of the action with prejudice.

5. When reviewing the fairness of a settlement under the FLSA, a court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010). An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id.* (internal quotation and citation omitted). A court reviewing a FLSA settlement "may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing

the proposed settlements for fairness." *Id*. (internal quotation and citation omitted). Courts look to the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible - recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Smoot v. Wieser Bros. Gen. Contractors, Inc.*, No. 15-CV-424-JDP, 2016 WL 1736498, at *6 (W.D. Wis. Apr. 29, 2016)(*citing Burkholder*, 750 F. Supp. 2d at 995).

6. Because the Parties believe they have reached a fair resolution of disputed issues, they are seeking this Court's approval of their Settlement and Release Agreement along with dismissal of the action with prejudice and without further costs to either party.

**7.** Plaintiff's Counsel conducted an exhaustive review of and analyzed timekeeping and payroll records provided by Defendants in order to evaluate Plaintiff's claims.

8. Between September 8, 2022 and September 29, 2022, the Parties engaged in good-faith, arms' length settlement negotiations and were able to reach a settlement for the Plaintiff's individual claims for a total of $32,500.00 inclusive of attorneys' fees and case related costs and expenses. Plaintiff will receive the total amount of $7,500.00 which represents the relative midpoint of the parties' respective calculation of damages, *i.e.* one hundred and thirty-six percent (136%) of Defendant's estimation of Plaintiff's unpaid wages and seventy percent (70%) of Plaintiff's calculation of Defendant's exposure.

9. The Parties' settlement was reached in light of *bona fide* disputes related to Plaintiff's claims, including:

a. The amount and extent of Plaintiff's damages in the event that Plaintiff's allegations were proven; and

b. Whether, if Plaintiff's allegations were proven, Plaintiff would be entitled to recover liquidated damages and/or civil penalties under the FLSA and the WWPCL respectively.

10. The Parties believe their settlement is a fair and reasonable resolution of Plaintiff's claims in light of the expense and risks of continued litigation necessary to resolve their disputes as set forth above.

11. The FLSA "speaks of allowing fees 'in addition to any judgment awarded,' treating the merits of an FLSA claim and the attorney fees as distinct." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (citing 29 U.S.C. § 216(b)). Thus, "[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Id*. "[A]ny authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees." *Id*. "This reading of the statute is consistent with the rationale of the circuits that require approval for all FLSA settlements because such approval serves the FLSA's underlying purpose of protecting worker's rights." *Id*. (internal citation omitted).

12. Based upon the foregoing, Plaintiff has not separately filed a motion for approval of his attorneys' fees and costs nor is such a motion required by the terms of the Parties' Settlement Agreement, but if this Court requires such a motion, Plaintiff respectfully requests additional time to file the same with the Court.

13. Pursuant to Civ. L. R. 7, the Parties hereby certify that this motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which, if incurred, may otherwise be a barrier to the Parties' ability to resolve this matter.

WHEREFORE, for all the foregoing reasons, Plaintiff and Defendants request that the Court approve the Settlement and Release Agreement and dismiss the case with prejudice pursuant to Fed. R. Civ. P. 41.

Dated this 9th day of December, 2022

| WALCHESKE & LUZI, LLC | JACKSON LEWIS P.C. |
|---|---|
| s/ *David M. Potteiger* | s/ *Tony H. McGrath* |
| James A. Walcheske, State Bar No. 1065635 | Tony H. McGrath, State Bar No. 1042806 |
| Scott S. Luzi, State Bar No. 1067405 | John T. Woodson, State Bar No. 1094026 |
| David M. Potteiger, State Bar No. 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | JACKSON LEWIS P.C. |
| 235 N. Executive Drive, Suite 240 | 22 East Mifflin Street, Suite 800 |
| Brookfield, Wisconsin 53005 | Madison, Wisconsin 53703 |
| Telephone: (262) 780-1953 | Telephone: (608) 807-5274 |
| E-Mail: jwalcheske@walcheskeluzi.com | E-Mail: Tony.McGrath@JacksonLewis.com |
| E-Mail: sluzi@walcheskeluzi.com | E-Mail: John.Woodson@JacksonLewis.com |
| E-Mail: dpotteiger@walcheskeluzi.com | |
| | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |